IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 07-cv-01356-BNB

JOSE VEGA,

    Plaintiff,

v.

R. WILEY, Warden of ADX,
CAPTAIN CASSANEADER, of ADX,
LT. CRAIG, of ADX,
OFFICER COLLINS, of ADX,
OFFICER DAVIS, of ADX,
OFFICER GOFF, of ADX,
OFFICER HOLCOMB, of ADX,
OFFICER JARBON, of ADX,
OFFICER JETT, of ADX,
OFFICER POTTER, of ADX,
OFFICER MADDONA, of ADX,
OFFICER SIDESINGER, of ADX, and
OFFICERS UNKNOWN AND/OR UNIDENTIFIED, Employed at ADX,

    Defendants.

FILED
UNITED STATES DISTRICT COURT
DENVER, COLORADO

AUG 2 2 2007

GREGORY C. LANGHAM
CLERK

## ORDER

Plaintiff Jose Vega has filed *pro se* two new motions seeking preliminary injunctive relief and a temporary restraining order. The Court previously has denied three motions for preliminary injunctive relief in this action.

The court must construe the motions liberally because Mr. Vega is not represented by an attorney. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the court should not be the *pro se* litigant's advocate. *See Hall*, 935 F.2d at 1110. For the reasons stated below, the motions will be denied.

On August 8, 2007, Mr. Vega filed "Plaintiff's Motion Requesting Court to Enter Order Prohibiting Defendants Acts of Harassment and Retaliation" in which he seeks an order directing prison officials to cease their acts of misconduct. On August 13, 2007, Mr. Vega filed "Plaintiff's Motion Requesting Court to Grant Temporary Restraining Order Pursuant to Fed. R. Civ. P. 65(B), Title 28 U.S.C.A. (2006)" in which he seeks a temporary restraining order to prevent prison officials from contaminating his food.

A party seeking a preliminary injunction must show a substantial likelihood of prevailing on the merits, that he will suffer irreparable injury unless the injunction issues, that the threatened injury outweighs whatever damage the proposed injunction may cause the opposing party, and that the injunction, if issued, would not be adverse to the public interest. *See **Lundgrin v. Claytor**,* 619 F.2d 61, 63 (10th Cir. 1980). Similarly, a party seeking a temporary restraining order must demonstrate clearly, with specific factual allegations, that immediate and irreparable injury will result unless a temporary restraining order is issued. *See* Fed. R. Civ. P. 65(b).

Mr. Vega fails to show that he will suffer immediate and irreparable injury if no preliminary injunction or temporary restraining order is entered in this action. Therefore, the motions will be denied. Accordingly, it is

ORDERED that "Plaintiff's Motion Requesting Court to Enter Order Prohibiting Defendants Acts of Harassment and Retaliation" filed on August 8, 2007, and "Plaintiff's Motion Requesting Court to Grant Temporary Restraining Order Pursuant to Fed. R. Civ. P. 65(B), Title 28 U.S.C.A. (2006)" filed on August 13, 2007, are denied.

DATED at Denver, Colorado, this 22 day of Aug., 2007.

BY THE COURT:

*(signature)*

ZITA L. WEINSHIENK, Senior Judge
United States District Court

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

**CERTIFICATE OF MAILING**

Civil Action No. 07-cv-01356-BNB

Jose Vega
Reg. No. 45189-053
ADX - Florence
PO Box 8500
Florence, CO 81226

    I hereby certify that I have mailed a copy of the **ORDER** to the above-named individuals on 8/22/07

GREGORY C. LANGHAM, CLERK

By: _____
Deputy Clerk