IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 07-cv-01356-LTB-MEH

JOSE VEGA,

 Plaintiff,

v.

R. WILEY, Warden, *et al.*,

 Defendants.

## RECOMMENDATION ON MOTION FOR TEMPORARY RESTRAINING ORDER

**Michael E. Hegarty, United States Magistrate Judge.**

Pending before the Court is the Plaintiff's Motion [Petition] for Temporary Injunction Pursuant to Fed. R. Civ. P. 65(b)(1) ("Motion") [filed November 13, 2007; doc #80]. Pursuant to 28 U.S.C. § 636(b)(1)(A) and D.C. Colo. L.Civ.R 72.1.C, the Motion has been referred to this Court for recommendation. The Court recommends that, for the reasons stated herein, the Motion be **denied**.[1]

### BACKGROUND

Plaintiff is a prisoner in Colorado, and has filed a *pro se* civil rights Complaint in this matter. In the within Motion, Plaintiff alleges generally the same allegations as those raised in the June 28,

---

[1] Be advised that all parties shall have ten (10) days after service hereof to serve and file any written objections in order to obtain reconsideration by the District Judge to whom this case is assigned. Fed. R. Civ. P. 72. The party filing objections must specifically identify those findings or recommendations to which the objections are being made. The District Court need not consider frivolous, conclusive or general objections. A party's failure to file such written objections to proposed findings and recommendations contained in this report may bar the party from a de novo determination by the District Judge of the proposed findings and recommendations. *United States v. Raddatz*, 447 U.S. 667, 676-83 (1980); 28 U.S.C. § 636(b)(1). Additionally, the failure to file written objections to the proposed findings and recommendations within ten (10) days after being served with a copy may bar the aggrieved party from appealing the factual findings of the Magistrate Judge that are accepted or adopted by the District Court. *Thomas v. Arn*, 474 U.S. 140, 155 (1985); *Moore v. United States*, 950 F.2d 656, 659 (10th Cir. 1991); *Niehaus v. Kansas Bar Ass'n*, 793 F.2d 1159, 1164 (10th Cir. 1986).

2007 Complaint [doc #4] and the September 26, 2007 Amendments to his Complaint [doc #55] regarding violations of the Eighth Amendment Cruel and Unusual Punishment clause based upon Defendants' alleged provision of contaminated food. However, the Motion also alleges, for the first time since the inception of this action, violations of Plaintiff's right to free exercise of religion (here, the Muslim faith) with respect to the contaminated food. Motion at 3. Plaintiff claims that he needs an injunction

> to prevent defendants from selectively subjecting plaintiff to cruel and unusual punishments, hassles, and especially, from deliberately tainting repast serviced [sic] to him, and from calculating a scheme to prevent plaintiff from participating in upcoming scheduled *eid al adha* ceremonial meal, expected December 20, 2007.

*Id.* Plaintiff further contends "it is likely that - if [ ] Court does not issue [ ] temporary injunction in time for [ ] ceremonial meal in celebration of *eid al adha*, it's a great probability that defendants will compromise that event in regards to plaintiff either by servicing [sic] a tainted meal, or calculating a scheme for which to prohibit him by [sic] participating in such holy day." *Id.*

## **DISCUSSION**

Plaintiff's Motion states that it is a "petition for temporary injunction pursuant to Fed. R. Civ. P. 65(b)(1)." Consequently, the Court construes Plaintiff's Motion as seeking a temporary restraining order without notice to the opposing parties. *See* Fed. R. Civ. P. 65(b) (2007). However, Plaintiff has neglected to abide by Fed. R. Civ. P. 65(b), and by the applicable Local Rule of the District of Colorado, D.C. Colo. LCivR 65.1.

Rule 65(b) states, in pertinent part:

> A temporary restraining order may be granted without written or oral notice to the adverse party or his attorney only if (1) it clearly appears from specific facts shown by affidavit or by the verified complaint that immediate and irreparable injury, loss, or damage will result to the applicant before the adverse party or his attorney can be heard in opposition, and (2) the applicant's attorney certifies to the court in writing the efforts, if any, which have been made to give notice and the reasons supporting his claim that notice should not be required.

Plaintiff has made no indication to the Court that he has given notice or attempted to give notice to the individual Defendants of this Motion, and no counsel of record has yet entered an appearance on their behalf.[2] Plaintiff has supplied no facts to demonstrate that notice should not be required.

Furthermore, with regard to *ex parte* applications, D.C. Colo. LCivR 65.1(A)(2) provides that the Court will not consider such a motion unless the requirements of Rule 65(b) have been met. Plaintiff has failed to articulate specific facts showing that he will suffer immediate and irreparable injury *before* the adverse parties can be heard in opposition, particularly since this is the *first* instance (since the inception of this action in June 2007) in which Plaintiff has raised any allegations regarding a potential violation of his right to free exercise of religion under the First Amendment. Moreover, Plaintiff's speculation that Defendants *may* compromise his religious celebratory meal does not demonstrate actual and immediate injury. *See Direx Israel, Ltd. v. Breakthrough Medical Group,* 952 F.2d 802, 812 (4th Cir.1991) (plaintiff must show that the irreparable harm he faces in the absence of relief is neither remote nor speculative, but actual and imminent).

Finally, the Court notes that Plaintiff's last attempt to move for a temporary restraining order preventing prison officials from violating the Eighth Amendment's cruel and unusual punishment clause by contaminating his food was already denied by Judge Weinshienk. *See* Order at doc #41. Although the Court must liberally construe *pro se* filings, *pro se* status does not excuse the obligation of any litigant to comply with the same rules of procedure that govern other litigants. *See Green v. Dorrell*, 969 F.2d 915, 917 (10th Cir. 1992); *Nielsen v. Price*, 17 F.3d 1276, 1277 (10th Cir. 1994). The court should not be the *pro se* litigant's advocate. *See Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). Accordingly, Plaintiff's Motion should be denied.

---

[2]Here, there is evidence that Defendants were just recently served, and that a response to Plaintiff's June 28, 2007 Complaint is not due until January 8, 2008 [doc #82].

## **CONCLUSION**

Based upon the foregoing, it is RECOMMENDED that Plaintiff's Motion [Petition] for Temporary Injunction Pursuant to Fed. R. Civ. P. 65(b)(1) [filed November 13, 2007; doc #80] be **denied**.

DATED this 20th day of November, 2007, in Denver, Colorado.

BY THE COURT:

_s/ Michael E. Hegarty_____
Michael E. Hegarty
United States Magistrate Judge