IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 07-cv-01356-LTB-MEH

JOSE VEGA,

    Plaintiff,

v.

R. WILEY, *et al.*,

    Defendants.

## ORDER

**Michael E. Hegarty, United States Magistrate Judge**.

    Pending before the Court are Plaintiff's Motion to Seal Supplemental Complaint [doc #102], Plaintiff's Motion to Strike Supplemental Complaint if Court Denies His Motion to Seal [doc #103], Plaintiff's Motion Requesting Leave to File a Supplemental Complaint [doc #101], and Plaintiff's Motion to Supplement Complaint Before Defendants' Response [doc #104]. The Motions have been referred to this Court for disposition [doc # 107]. Oral argument would not materially assist the Court in the determination of these matters.

    Plaintiff has requested that the Court seal his proffered Supplemental Complaint, because of the "sensitive nature of the complaint," and because, "if made part of the public court record - it may be detrimental to the security of the institution; [sic] or within the Federal Bureau of Prisons." Motion at 1. Plaintiff does not identify how the complaint is "sensitive," nor does he explain how the supplemental complaint might be "detrimental to the security of the institution."

    The Supreme Court has acknowledged a common law right of the public to access judicial

records. *Nixon v. Warner Communications, Inc.,* 435 U.S. 589, 597 (1978). This right is premised upon the recognition that public monitoring of the courts fosters important values such as respect for the legal system. *See In re Providence Journal Co.,* 293 F.3d 1, 9 (1st Cir. 2002). Judges have a responsibility to avoid secrecy in court proceedings because "secret court proceedings are anathema to a free society." *M.M. v. Zavaras,* 939 F. Supp. 799, 801 (D. Colo. 1996).

There is a presumption that documents essential to the judicial process are to be available to the public, but they may be sealed when the public's right of access is outweighed by interests which favor non-disclosure. *See United States v. McVeigh,* 119 F.3d 806, 811 (10th Cir. 1997). It is within the district court's discretion to determine whether a particular court document should be sealed. *See Nixon,* 435 U.S at 599. Only in the rarest of cases is the sealing of documents appropriate - for example, cases involving intensely personal issues such as abortion or birth control, or cases pertaining to the welfare of abandoned or illegitimate children. *See Doe v. F.B.I.,* 218 F.R.D. 256, 259 (D. Colo. 2003).

In furtherance of the common law right of access to court records, the United States District Court for the District of Colorado promulgated D.C. Colo. LCivR 7.2, which provides for sealing of documents only upon a showing of "compelling reasons." Such a showing is required to ensure public confidence in the judicial process. It is critical that the public be able to review the factual basis of this Court's decisions and evaluate the Court's rationale so that it may be confident that the Court is functioning as a neutral arbiter. *Cf. McVeigh,* 119 F.3d at 814.

Here, the Plaintiff offers no compelling rationale for sealing the entirety of his supplemental pleading, much less any particular document or exhibit attached thereto. Accordingly, the Motion to Seal is denied.

The Court recognizes, however, that had the Plaintiff been aware that the document and its attachments would not be sealed, he might have chosen not to rely upon them and refrain from filing them. Consequently, the Court will not immediately direct that the documents be unsealed. Rather, on or before December 19, 2007, the Plaintiff shall either: (i) file a new Motion to Seal that adequately sets forth compelling reasons to warrant sealing in accordance with the foregoing discussion; (ii) move for leave to file a redacted supplemental pleading suitable for public filing, accompanied by a request to withdraw the previously-tendered version of the pleading in favor of the redacted version; or (iii) withdraw the supplemental pleading in its entirety. Should the time period expire without any of these actions being taken, the Clerk of the Court is directed to unseal docket entry #105.

In light of this Order, Plaintiff's Motion to Strike Supplemental Complaint, Motion Requesting Leave to File a Supplemental Complaint, and Motion to Supplement Complaint Before Defendant's Response are all denied as moot.

Accordingly, Plaintiff's Motion to Seal Supplemental Complaint [filed November 28, 2007; doc #102] is **denied** for Plaintiff's failure to show compelling reasons for sealing the Supplemental Complaint and its attachments. The Clerk of the Court is directed to unseal docket entry #105 **on or after December 20, 2007**, only if the Plaintiff fails to take action in accordance with this order by December 19, 2007. Plaintiff's Motion to Strike Supplemental Complaint if Court Denies His Motion to Seal [filed November 28, 2007; doc #103], Plaintiff's Motion Requesting Leave to File a Supplemental Complaint [filed November 28, 2007; doc #101], and Plaintiff's Motion to Supplement Complaint Before Defendants' Response [filed November 28, 2007; doc #104] are all **denied as moot** in light of this Order.

Dated this 5th day of December, 2007, in Denver, Colorado.

                      BY THE COURT:


                      <u>s/ Michael E. Hegarty</u>
                      United States Magistrate Judge