IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 07-cv-01356-LTB-MEH

JOSE VEGA,

    Plaintiff,

v.

R. WILEY, *et al.*,

    Defendants.

## MINUTE ORDER

**Entered by Michael E. Hegarty, United States Magistrate Judge, December 17, 2007**.

    Plaintiff's Motion Requesting Court to Take Judicial Notice of Attached Correspondence Dated December 4, 2007 [filed December 10, 2007; doc #117] is **denied**. Plaintiff requests that the Court take judicial notice of his letter with regard to "administrative remedies for [ ] aggrieved and reoccuring [sic] actions of misconduct." Motion at 1.

    Pursuant to Rule 201, "a judicially noticed fact must be one not subject to reasonable dispute in that it is either (1) generally known within the territorial jurisdiction of the trial court or (2) capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b) (2007). Judicial notice is when a judge recognizes the truth of certain facts, which from their nature are not properly the subject of testimony, or which are universally regarded as established by common knowledge. *Meredith v. Beech Aircraft Corp.*, 18 F.3d 890, 895 (10th Cir. 1994). The recognition of certain facts by the judge is proper without proof because such facts are not subject to reasonable dispute. *Id.*

    The fact that Plaintiff may or may not have filed a grievance in the prison system is not this kind of universal truth. It is a fact that must be established through the presentation of evidence. Therefore judicial notice would be improper. Moreover, Plaintiff does not make this request in connection with any pending motions, and in the abstract, there is no basis nor need for the Court to exercise judicial notice.