IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 07-cv-01356-LTB-KMT


JOSE VEGA,

    Plaintiff,

v.

R. WILEY, Warden of ADX,
CAPTAIN CASSANEADER, of ADX,
LT. CRAIG, of ADX,
OFFICER COLLINS, of ADX,
OFFICER DAVIS, of ADX,
OFFICER HOLCOMB, of ADX,
OFFICER JARBON, of ADX,
OFFICER JETT, of ADX,
OFFICER POTTER, of ADX,
OFFICER MADDONA, of ADX,
OFFICER SIDESINGER, of ADX,
OFFICERS UNKNOWN AND/OR UNIDENTIFIED, Employed at ADX, and
UNITED STATES BUREAU OF PRISONS,

    Defendants.

## RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE

**Magistrate Judge Kathleen M. Tafoya**

This case involves claims that Defendants violated Plaintiff's rights to health care, nutritious meals, and fresh air. This matter is before the court on "Defendants' Motion to Dismiss, or, in the Alternative, Motion for Summary Judgment" (Doc. No. 144) filed February 6, 2008; "Plaintiffs' [sic] Motion for Temporary Restraining Order Pursuant to: FRCP 65(B) [sic]" (Doc. No. 110) filed December 3, 2007; and "Plaintiffs' [sic] Motion to Consolidate Civil

Action(s) Per Fed. R. Civ. P. Rule 42(a) and in Accordance with the Civil Justice Expense and Reduction Plans Under the Civil Justice Reform Act of 1990; or Alternatively, Voluntary Dismissal of this Action, Per Fed. R. Civ. P. Rule 41(a)(2), to Allow Plaintiff to Proceed with Undocketed Number[ ] Civil Action" (Doc. No. 190) filed July 17, 2008.

## STATEMENT OF THE CASE

The following facts are taken from Plaintiff's Prisoner Complaint, Plaintiff's application for writ of mandamus, and the parties' submissions with respect to this Recommendation. Plaintiff is incarcerated in the Administrative Detention Maximum in Florence, Colorado ("ADX"). (Writ of Mandamus Pursuant to Title 28 U.S.C. § 1361 at 2 [hereinafter "Application for Writ"] [filed June 28, 2007].) Plaintiff has named as defendants twelve employees of the ADX. (Prisoner Compl. at 1–2 [hereinafter "Compl."] [filed June 28, 2007].) Plaintiff asserts Defendant violated his rights to health care, nutritious meals, and fresh air. (Compl. at 4.) Plaintiff states staff at ADX are bringing tobacco products into the institution; smoking or chewing tobacco where prisoners' foods are served; and smoking in the prisoners' recreation areas. (Application for Writ at 4.) Plaintiff alleges Defendants served him with food that had the residual taste and smell of cigarettes, chewing tobacco, mace, and feces. (*Id.*) Plaintiff asserts this is creating an immediate danger to his health and general well-being. (*Id.* at 5.) Plaintiff seeks declaratory and injunctive relief, fees, and other additional relief as this court sees just and proper. (*Id.* at 8–10.)

Defendants Bureau of Prisons, Jarbon, Goff, Vidana, and Casteneda move for dismissal or summary judgment for failure to exhaust administrative remedies prior to the filing of this

civil action in federal court. (Defendants' Motion to Dismiss, or, in the Alternative, Motion for Summary Judgment [hereinafter "Mot."] [filed February 6, 2008].)

## PROCEDURAL HISTORY

Plaintiff's Prisoner Complaint was filed on June 28, 2007. (Compl.) Plaintiff also filed an application for writ of mandamus on June 28, 2007. (Application for Writ.) Defendants filed their motion to dismiss or for summary judgment on February 6, 2008. (Mot.) No response or reply has been filed. This matter is ripe for review and recommendation.

## STANDARD OF REVIEW

*1.* **Pro Se** *Plaintiff*

Because Plaintiff appears *pro se*, the court "review[s] his pleadings and other papers liberally and hold[s] them to a less stringent standard than those drafted by attorneys." *Trackwell v. United States*, 472 F.3d 1242, 1243 (10th Cir. 2007) (citations omitted). *See also Haines v. Kerner*, 404 U.S. 519, 520–21 (1972) (holding allegations of a pro se complaint "to less stringent standards than formal pleadings drafted by lawyers"). However, a *pro se* litigant's "conclusory allegations without supporting factual averments are insufficient to state a claim upon which relief can be based." *Hall v. Bellmon,* 935 F.2d 1106, 1110 (10th Cir. 1991). A court may not assume that a plaintiff can prove facts that have not been alleged, or that a defendant has violated laws in ways that a plaintiff has not alleged. *Associated Gen. Contractors of Cal., Inc. v. Cal. State Council of Carpenters*, 459 U.S. 519, 526 (1983). *See also Whitney v. New Mexico*, 113 F.3d 1170, 1173–74 (10th Cir. 1997) (court may not "supply additional factual allegations to round out a plaintiff's complaint"); *Drake v. City of Fort Collins*, 927 F.2d 1156,

1159 (10th Cir. 1991) (the court may not "construct arguments or theories for the plaintiff in the absence of any discussion of those issues").

## 2. *Failure to State a Claim upon Which Relief Can Be Granted*

Federal Rule of Civil Procedure 12(b)(6) provides that a defendant may move to dismiss a claim for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6) (2007). "The court's function on a Rule 12(b)(6) motion is not to weigh potential evidence that the parties might present at trial, but to assess whether the plaintiff's complaint alone is legally sufficient to state a claim for which relief may be granted." *Dubbs v. Head Start, Inc.*, 336 F.3d 1194, 1201 (10th Cir. 2003) (citations and quotation marks omitted).

Thus, all well-pleaded factual allegations in a complaint are accepted as true and construed in the light most favorable to the plaintiff. *Alvarado v. KOB-TV, LLC*, 493 F.3d 1210, 1215 (10th Cir. 2007). Further, the court is to make all reasonable inferences in the plaintiff's favor. *Timpanogos Tribe v. Conway*, 286 F.3d 1195, 1204 (10th Cir. 2002). In *Bell Atlantic Corp. v. Twombly*, — U.S. —, 127 S. Ct. 1955, 1974 (2007), the Supreme Court articulated a new "plausibility" standard, under which a complaint must include "enough facts to state a claim to relief that is plausible on its face." 127 S. Ct. at 1974.

The issue in reviewing the sufficiency of a plaintiff's complaint is not whether the plaintiff will prevail, but whether the plaintiff is entitled to offer evidence to support his claims. *See Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974) *(overruled on other grounds by Harlow v. Fitzgerald*, 457 U.S. 800 (1982)). Although a plaintiff does not need to state each element of his

4

claim precisely, he must plead minimal factual allegations on those material elements that must be proved. *See* Fed. R. Civ. P. 8(a); *Hall*, 935 F.2d at 1110.

"A 12(b)(6) motion must be converted into a motion for summary judgment if 'matters outside the pleadings are presented to and not excluded by the court' and 'all parties . . . [are] given a reasonable opportunity to present all material made pertinent to such a motion by [Fed. R. Civ. P. ] 56.'" *GFF Corp. v. Associated Wholesale Grocers*, 130 F.3d 1381, 1384 (10th Cir. 1997) (quoting Fed. R. Civ. P. 12(d)); *see also Burnham v. Humphrey Hospitality Reit Trust, Inc.*, 403 F.3d 709, 713 (10th Cir. 2005) (holding that where the District Court relied on facts presented in affidavits, a Rule 12(b)(6) motion was properly converted into a motion for summary judgment).

Defendants' motion made pursuant to Rule 12(b)(6), or in the alternative Rule 56, references materials outside of the pleadings. Normally, if a court decides to convert a Rule 12(b)(6) motion into a Rule 56 motion, it must provide the parties with notice to avoid unfair surprise. *See Nichols v. United States*, 796 F.2d 361, 364 (10th Cir. 1986). Nevertheless, "when a party [references] material beyond the pleadings in support of or opposing a motion to dismiss, the prior action on the part of the parties puts them on notice that the judge may treat the motion as a Rule 56 motion." *Wheeler v. Main Hurdman*, 825 F.2d 257, 260 (10th Cir. 1987) (citing *Nichols*, 796 F.2d at 164). Here, Defendant moved either to dismiss or for summary judgment. Plaintiff, although given an opportunity to file a response, failed to do so.[1] Consequently, unfair

---

[1] On March 3, 2008, this court granted Plaintiff's motion for extension of time up to and including March 24, 2008, to file a response to Defendants' motion. (Doc. No. 164.)

5

surprise is not an issue, and this court will treat Defendants' motion as one for summary judgment.

### 3. *Summary Judgment Standard*

Pursuant to Rule 56(c) of the Federal Rules of Civil Procedure, the court may grant summary judgment where "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c) (2006); *see Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248–50 (1986); *Concrete Works, Inc. v. City & County of Denver*, 36 F.3d 1513, 1517 (10th Cir. 1994). The moving party bears the initial burden of showing an absence of evidence to support the nonmoving party's case. *Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986). "Once the moving party meets this burden, the burden shifts to the nonmoving party to demonstrate a genuine issue for trial on a material matter." *Concrete Works*, 36 F.3d at 1518 (citing *Celotex*, 477 U.S. at 325). The nonmoving party may not rest solely on the allegations in the pleadings, but must instead designate "specific facts showing that there is a genuine issue for trial." *Celotex*, 477 U.S. at 324; *see* Fed. R. Civ. P. 56(e) (2006). A fact in dispute is "material" if it might affect the outcome of the suit under the governing law; the dispute is "genuine" if the evidence is such that it might lead a reasonable jury to return a verdict for the nonmoving party. *Allen v. Muskogee*, 119 F.3d 837, 839 (10th Cir. 1997) (citing *Anderson*, 477 U.S. at 248). The court may consider only admissible evidence when ruling on a summary judgment motion. *See World of Sleep, Inc. v. La-Z-Boy Chair Co.*, 756 F.2d 1467, 1474 (10th Cir. 1985). The factual record and reasonable inferences therefrom

are viewed in the light most favorable to the party opposing summary judgment. *Byers v. City of Albuquerque*, 150 F.3d 1271, 1274 (10th Cir. 1998) (citing *Concrete Works*, 36 F.3d at 1517).

**ANALYSIS**

*1.     Failure to Exhaust Administrative Remedies Under the Prison Litigation Reform Act*

Defendant moves for summary judgment based upon Plaintiff's failure to exhaust his administrative remedies, as required by the PLRA, 42 U.S.C. § 1997e(a). Prior to filing this civil action, Plaintiff was required to exhaust administrative remedies pursuant to the PLRA. *Booth v. Churner*, 532 U.S. 731, 741 (2001). Section 1997e(a) provides: No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted.

In *Jones v. Bock*, 549 U.S. 199, 127 S. Ct. 910 (2007), the United States Supreme Court held, *inter alia*, that under the PLRA, courts should not dismiss prisoner complaints in their entirety when the plaintiff presents some claims for which administrative remedies have been exhausted, and some claims for which administrative remedies have not been exhausted. *Id.*, 199 U.S. at —, 127 S. Ct. at 923–26. The Court held also that exhaustion is not per se inadequate simply because a defendant named in a lawsuit was not named in prison grievances filed on the same issue. *Id.*, 199 U.S. at —, 127 S. Ct. at 923. Further, the Court held that failure to exhaust administrative remedies is an affirmative defense under the PLRA, and prison inmates are not required to plead or demonstrate exhaustion in their complaints. *Id.*, 199 U.S. at —, 127 S. Ct. at 921.

Plaintiff states in his application for writ of mandamus that he "has been denied an informal resolution attempt form" to initiate the administrative process properly. (Application for Writ at 6.) He then states he has "by passed [sic] the informal resolution by filing a sensitive submission to the Regional Director." (*Id.* at 7.) He asserts he knows his request will be denied and he will be instructed to file an informal resolution attempt within the institution. (*Id.*)

Defendants submit with their motion the Declaration of Theresa Montoya, Senior Attorney at the Federal Correctional Complex. (Mot., Attach. 1, Decl. of Theresa Montoya [hereinafter "Montoya Decl"].) Ms. Montoya sets forth the Bureau of Prisons' ("BOP") administrative remedies program, which is codified at 28 C.F.R. § 542.10, *et seq.* (Decl. at 1.) The program first requires informal resolution, then a request to the warden, then appeal to the Regional Director, then final appeal to the Director of National Inmate Appeals in Washington, D.C. (*Id.* at 1–2.) An inmate has not exhausted his remedies until he has sought review at all levels. (*Id.* at 2.) BOP has maintained information related to the complaints filed by Plaintiff in a national database called "SENTRY." (*Id.* at 2.) Each complaint is assigned a "Remedy ID Number" upon initial entry into SENTRY, which will follow the complaint through the appeal process. (*Id.*) Each "Remedy ID Number" contains an extender that identifies the level of review. (*Id.*) The extension "F-1" indicates the complaint was filed at the institution level. (*Id.* at 3.) The extension "R-1" indicates the complaint or appeal was filed at the regional level. (*Id.*) The extension "A-1" indicates the appeal was filed at the national level. (*Id.*) Ms. Montoya states that a review of the SENTRY database and the files maintained by the BOP revealed that Plaintiff Jose Vega, Register Number 45189-053, filed an informal resolution form on June 19,

2007, complaining that staff were contaminating his food trays prior to serving them to him. (*Id.*) When Plaintiff was unable to informally resolve the complaint, Plaintiff filed Administrative Remedy No. 458166-F1 on June 28, 2007. (*Id.*) That remedy was denied, and Plaintiff appealed to the Regional Office on August 7, 2007. (*Id.*) He was denied relief at the Regional level and filed a final appeal on October 1, 2007. (*Id.*) Thus, as to Plaintiff's food contamination claim, Plaintiff did not fully exhaust his administrative remedies until <u>after</u> he had filed this federal court action. Accordingly, as the PLRA requires exhaustion of administrative remedies prior to the filing of a federal action, Plaintiff's food contamination claims must be dismissed.

As to Plaintiff's remaining allegations regarding tobacco products and second-hand smoke, it is clear, upon review of the Administrative Remedy Generalized Retrieval report submitted with Ms. Montoya's Declaration, that Plaintiff failed to exhaust his administrative remedies, as he has not filed <u>any</u> administrative remedies concerning those claims. (Mot., Attach. 2; *see* Montoya Decl. at 4.) Plaintiff's remaining claims must also be dismissed.

Therefore, this court determines there is no genuine issue of material fact as to Plaintiff's failure to comply with his obligations under the PLRA to exhaust his administrative remedies as set forth in the BOP administrative Remedy Program, and summary judgment is properly granted in favor of Defendants.

## 2.     *Plaintiff's Motion for Temporary Restraining Order*

The plaintiff is requesting a temporary restraining order pursuant to Fed. R. Civ. P. 65(b). Where the opposing party has notice, as is in this case, the procedure and standards for issuance

of a temporary restraining order mirror those for a preliminary injunction. *Emmis Commc'ns Corp. v. Media Strategies, Inc.*, 2001 WL 111229, *2 (D. Colo. Jan. 23, 2001). A party seeking preliminary injunction must meet the following four conditions:

> (1) the movant will suffer irreparable harm unless the injunction issues; (2) there is a substantial likelihood the movant ultimately will prevail on the merits; (3) the threatened injury to the movant outweighs any harm the proposed injunction may cause the opposing party; and (4) the injunction would not be contrary to the public interest.

*ACLU v. Johnson*, 194 F.3d 1149, 1155 (10th Cir. 1999). A party seeking injunctive relief must found his effort on specific factual allegations. *Longstreth v. Maynard*, 961 F.2d 895, 902 (10th Cir. 1992). Ultimately, because "a preliminary injunction is an extraordinary remedy," the moving party must establish that his "right to relief [is] clear and unequivocal." *Schrier v. Univ. of Colo.*, 427 F.3d 1253, 1258 (10th Cir. 2005).

This court has recommended that Defendants' motion for summary judgment be granted. Therefore, there is not a substantial likelihood Plaintiff ultimately will prevail on the merits, one of the requirements for preliminary injunction. *ACLU*, 194 F.3d at 1155. Accordingly, Plaintiff's for temporary restraining order is properly denied at this time.

WHEREFORE, for the foregoing reasons, the court respectfully

RECOMMENDS that

1. "Defendants' Motion to Dismiss, or, in the Alternative, Motion for Summary Judgment" (Doc. No. 144) be GRANTED, and that this case be dismissed in its entirety for Plaintiff's failure to exhaust his administrative remedies;

2. "Plaintiffs' [sic] Motion for Temporary Restraining Order Pursuant to: FRCP 65(B) [sic]" (Doc. No. 110) be DENIED; and

3. "Plaintiffs' [sic] Motion to Consolidate Civil Action(s) Per Fed. R. Civ. P. Rule 42(a) and in Accordance with the Civil Justice Expense and Reduction Plans Under the Civil Justice Reform Act of 1990; or Alternatively, Voluntary Dismissal of this Action, Per Fed. R. Civ. P. Rule 41(a)(2), to Allow Plaintiff to Proceed with Undocketed Number[ ] Civil Action" (Doc. No. 190) be DENIED as moot.

## ADVISEMENT TO THE PARTIES

Within ten days after service of a copy of the Recommendation, any party may serve and file written objections to the Magistrate Judge's proposed findings and recommendations with the Clerk of the United States District Court for the District of Colorado. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *In re Griego*, 64 F.3d 580, 583 (10th Cir. 1995). A general objection that does not put the District Court on notice of the basis for the objection will not preserve the objection for *de novo* review. "[A] party's objections to the magistrate judge's report and recommendation must be both timely and specific to preserve an issue for de novo review by the district court or for appellate review." *United States v. One Parcel of Real Property Known As 2121 East 30th Street, Tulsa, Oklahoma*, 73 F.3d 1057, 1060 (10th Cir. 1996). Failure to make timely objections may bar *de novo* review by the District Judge of the Magistrate Judge's proposed findings and recommendations and will result in a waiver of the right to appeal from a judgment of the district court based on the proposed findings and recommendations of the magistrate judge. *See Vega v. Suthers*, 195 F.3d 573, 579-80 (10th Cir. 1999) (District Court's

decision to review a Magistrate Judge's recommendation *de novo* despite the lack of an objection does not preclude application of the "firm waiver rule"); *One Parcel of Real Property*, 73 F.3d at 1059-60 (a party's objections to the Magistrate Judge's report and recommendation must be both timely and specific to preserve an issue for *de novo* review by the District Court or for appellate review); *International Surplus Lines Insurance Co. v. Wyoming Coal Refining Systems, Inc.*, 52 F.3d 901, 904 (10th Cir. 1995) (by failing to object to certain portions of the Magistrate Judge's order, cross-claimant had waived its right to appeal those portions of the ruling); *Ayala v. United States*, 980 F.2d 1342, 1352 (10th Cir. 1992) (by their failure to file objections, plaintiffs waived their right to appeal the Magistrate Judge's ruling). *But see, Morales-Fernandez v. INS*, 418 F.3d 1116, 1122 (10th Cir. 2005) (firm waiver rule does not apply when the interests of justice require review).

Dated this 28th day of August, 2008.

**BY THE COURT:**

Kathleen M. Tafoya
United States Magistrate Judge